GARY S. HANN, pro se
Adversary Plaintiff
yragnnah@gmail.com
(175 Butterfield – NO MAIL!)
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140

```
                        FILED

                     JUN 09 2015

              CLERK U.S. BANKRUPTCY COURT
              CENTRAL DISTRICT OF CALIFORNIA
              BY:                 Deputy Clerk
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| IN RE HANN, GARY S. | Case No. 6:14-bk-22067-MW |
| Debtor. | |
| | Chapter 7 |
| GARY S. HANN, | |
| PLAINTIFF, | Adv. No. _____ |
| VS. | |
| BARR ANHUT & ASSOCIATES PC, JOHN M. BARR, JESSE O'JACK, KARL T. BARR, DANIEL J. DUCHENE, CITY OF YPSILANTI, RALPH LANGE, JOYCE DRAGANCHUK, AMY RONAYNE KRAUSE, MARK BRAYTON, CARMEL COWARD, | COMPLAINT TO RECOVER MONEY AND FOR PRE-FILING DAMAGES TO ACCRUE TO THE TRUSTEE |
| Defendants. | (STATUS CONFERENCE AND/OR HEARING DATE TO BE SET BY SUMMONS) |
| | JURY TRIAL DEMANDED |

1

No Fee Required

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:

Now comes Debtor and Adversary Plaintiff Gary S. Hann, who demands a jury trial and who deposes and says as follows:

BANKRUPTCY RULE 7008(a) and LBR 7008-1 STATEMENT

1.    This is a non-core proceeding and Debtor/Plaintiff Hann does not consent to entry of final orders or judgment by the Bankruptcy Court. Pursuant to the provisions of 28 U.S.C. Section 157, Hann continues his demand for a Jury Trial after pre-trial matters are concluded by this Bankruptcy Court.

JURISDICTIONAL STATEMENT

2.    Pursuant to 28 U.S.C. Section 1334(b), this Court has exclusive jurisdiction over this case which is related to Plaintiff's bankruptcy proceeding under Title 11 of the United States Code. Plaintiff Hann is seeking through several adversary proceedings to recover substantially more than his scheduled $10,587 exemption; all such excess funds would absolutely be a part of the Bankruptcy Estate and subject to distribution to legitimate Creditors by Trustee Anderson.

GENERAL ALLEGATIONS APPLICABLE THROUGHOUT

2

3.    The use of the term "Without Jurisdiction" herein means a knowing, on the settled record, facial failure of a Court and/or Judge to follow the longstanding laws and procedures and Rules of Michigan regarding the limits of their authority.

4.    Judges herein do not have immunity from tort liability under MCL 691.1407(5) because they were not acting within the scope of their judicial authority.  A Michigan Court and/or Judge is not immune from civil tort liability for its purported judicial actions or inactions lacking jurisdiction.

5.    A Michigan Court has initial jurisdiction only to determine the power delegated it, but never has the jurisdiction to grant itself jurisdiction in violation of the mandatory laws and procedures of the Court.

6.    A Michigan Court and/or Judge, or other governmental employee, is never protected from civil tort liability based on its discretionary or ministerial actions or inactions, irrespective of jurisdiction.

7.    Governmental employees herein do not have immunity from tort liability under MCL 691.1407(2) because they knew or should have known that they were not acting under the scope of their authority, and that their conduct constituted gross negligence that was the proximate cause of the injury or damage to Plaintiff Hann.

3

8.   The use of the term "Gross Negligence" alleges the essential elements of same in Michigan, being 1) conduct or a failure to act; 2) that is so reckless; 3) that it demonstrates a substantial lack of concern for whether an injury will result.

9.   The use of the term "Void" herein with respect to any and all process, pleadings, hearings, orders, judgments, liens, and or attachments, etc., means that the Michigan Court and/or Judge lacked lawful authority and/or jurisdiction to rule in the matter.

10.   It is well settled that a void proceedings and actions may be challenged at any time and in any forum; the *Rooker-Feldman* Doctrine is inapplicable when no review is sought of the actual proceedings and actions, which were always void ab initio. Rather, affirmation of the obvious is sought from this Court, that the proceedings and actions were absolutely nonexistent under the law.

11.   The use of the term "Conspiracy" alleges all essential elements of civil conspiracy in Michigan, being 1) A concerted action; 2) by a combination of two or more persons; 3) to accomplish an unlawful purpose; 4) or a lawful purpose by unlawful means.

12.   The use of the term "Fraud" alleges all essential elements of civil fraud in Michigan, being 1) defendant made a material representation; 2) the representation was false; 3) defendant knew that it was false when made or made it recklessly,

4

as a positive assertion, without knowing of its truth; 4) defendant intended plaintiff to act upon the representation; 5) plaintiff acted in reliance on it and 6) plaintiff suffered injury as a result.

13.   The use of the term "Fraud on the Court" applies herein when the judicial machinery itself has been tainted, such as when an attorney, who is an officer of the court, is involved in the perpetration of a fraud or makes material misrepresentations to the court.    Fraud upon the court makes void the orders and judgments of that court.

14.   The use of the term "Slander of Title" alleges all essential elements of same, being a) There was a communication to a third party of; b) a false statement; c) derogatory to Counter-Plaintiff's title; d) with malice; and e) causing special damages.

15.   The use of the term "Intentional Infliction of Emotional Distress" alleges all essential elements of same, being (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's conduct was the cause; (4) of plaintiff's severe emotional distress.

16.   The use of the term "Due Process" alleges violations of substantive and/or procedural due process under the Due Process Clauses of the 5th and/or 14th Amendments, and of the Due Process Clause of the Constitution of the State of Michigan.

17.   The use of the term "Abuse of Process" alleges the essential elements of same in Michigan, being (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding.

18.   The use of the term "Defamation" alleges the essential elements of same in Michigan, being (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.

19.   The use of the term "Tortious Interference with Contract" alleges the essential elements of tortious interference with advantageous business relationships or prospective economic relations in Michigan, being (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy has been disrupted.

20.   The use of the term "Intrusion upon Seclusion", one of several invasion of privacy torts, alleges the essential elements

6

of same, being 1) an intentional intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, 2) the intrusion is highly offensive to a reasonable person, and 3) caused mental anguish or suffering.

21. The use of the term "RICO" alleges all elements, including the requisite predicate act(s), of civil RICO (Racketeer Influenced and Corrupt Organization Act), being 1) a person who engages in 2) a pattern of racketeering activity 3) connected to the acquisition, establishment, conduct or control of an enterprise, as defined and permitted under 18 U.S.C. Sections 1961-1964.

RECITATION OF INDISPUTABLE FACTS

22. On August 22, 2011, Plaintiff filed *Hann v. Ypsilanti* in the MI Court of Claims, Case No. 11-98-MP, for Ypsilanti's blatant fraud regarding property taxes on Plaintiff's domicile.

23. In Fall, 2011, Plaintiff Hann developed an extremely painful and serious case of Cervical Dystonia, diagnosed at the University of Michigan Medical Center and requiring extensive and expensive treatment, at the precise time Defendants were making verbal threats and filing numerous complicated legal papers.

24. On or about December 2, 2011, Defendants demanded and obtained a void Ex-Parte Order from the MI Court of Claims, based

7

on Defendant's knowingly fraudulent Affidavit, prospectively waiving the Michigan Court Rules ("MCR's") regarding service of process for all time and eternity.

25.  Defendants never subsequently convened an actual Hearing regarding the fraudulent removal and perpetual denial of Plaintiff's protection under the MCR's; such prospective waiver of the MCR's for all time and eternity has no basis in any law, statute or Constitution.

26.  On December 14, 2015, Visiting Judge Ball ruled that the MI Court of Claims was without subject matter jurisdiction.

27.  Defendants had the opportunity under the Michigan Court Rules ("MCR's"), to request that the matter be transferred to the proper jurisdiction under MCR 2.227(A)(2), with payment and reimbursement of all costs by Plaintiff Hann, but waived this right.

28.  At this point, the MI Court of Claims lost any and all authority with respect to Case No. 11-98-MP, except to dismiss, pursuant to the long settled rulings of the Michigan Supreme Court.

29.  On January 4, 2012, Defendants served an unlawful, Void Notice of Hearing for February 15, 2012.

30.  On January 6, 2012, Chief Judge of the MI Court of Claims, Judge Collette, issued and served the following Notice on

8

Hann and on Defendant Ypsilanti:  "Order dismissing case for lack

of jurisdiction.  Final Order and closes the case."  Exhibit 1.

31.  In Michigan, a final order closing the case means what

it says and says what it means.  It closes the case, period:

> "Staff Comment on 1998 Amendment: The December 1, 1998
> amendment of MCR 2.602(A) requires that all judgments
> designate whether they resolve the last pending claim
> and close a case.  ***This requirement also pertains to
> other orders that dispose of all pending claims and close
> a case, i.e., and order that does not decide the merits
> of a last pending claim but rather dismisses the claim
> for lack of jurisdiction*** . . . the goal of this
> Amendment . . . is to facilitate docket management."

32.  Defendants did not serve Hann with any other Orders;

were there any, they had to be served within 7 days as mandated by

the MCR's or were absolutely void.

33.  Defendants, who had indisputably declared both their

lack of jurisdiction and the closing of the case, now engaged on

an unrelenting rampage against Plaintiff Hann, beginning with a

Void Hearing and Void Order for Sanctions of $10,019 on February

15, 2012.  The Void Order for Sanctions for a 15 minute hearing

was not in conformity with the reasonableness requirement of the

MCR's.

34.  Defendants were repeatedly notified on-the-record of

their Void Proceedings, Hearings, Orders and Process by Plaintiff

Hann.

35.  On April 20, 2012, Defendants executed and obtained a Void Notice of Judgment Lien with respect to all of Hann's real estate and filed same with the Washtenaw County Register of Deeds on May 9, 2012, but did not serve it on Hann.

36.  In early November, 2013, Hann met with Defendants John M. Barr and Ralph Lange in conference to settle this matter.  No settlement offer was set forth by Defendants and Defendant Lange repeatedly declared that he was closely involved in and carefully following and supervising the matter.

37.  On November 22, 2013, Defendants submitted a Void Request and Verification, and on December 20, 2013, obtained a Void Request and Order to Seize Property.

38.  On or about late November and into the ensuing months, Defendants did attempt and engage in a vicious tyrannical assault in the form of attempted Garnishment of monies knowingly owed by a number unsophisticated third parties, not to Plaintiff Gary S. Hann, but to an exempt Individual Retirement Account (IRA) of which Plaintiff Hann is Sole Beneficiary.

39.  Defendants never notified Plaintiff Hann of their absolutely Void Writs of Garnishment on his exempt personal property, nor of any Garnishee Disclosures.

40.  Defendants demanded monies over and over from the many unwitting Garnishees, and engaged in a threatening and frightful

campaign of horrific magnitude against the unsophisticated third parties, but didn't take a moment to inform the said Garnishees of their obligation to serve a copy of the Garnishee Disclosures on Plaintiff Hann, Sole Beneficiary of the exempt IRA.

41. Defendants absolutely knew that IRA's are completely exempt, with very rare exceptions not present here, from any and all process under both Federal and Michigan law. 28 U.S.C. Section 401(a)(13)(A).

42. Nevertheless, Defendants vigorously pursued a number of wholly unlawful Garnishment actions, intentionally causing extensive fright, fear and embarrassment on numerous third parties associated with Plaintiff Hann's exempt IRA.

43. Neither Defendants nor the third parties informed Hann in writing of the ongoing harassment by Defendants, so Hann was intentionally denied any informative papers or useful information at that time.

44. In particular, Defendant DuChene did harass, intimidate, threaten, strong arm and cajole Defendant Coward, and told Defendant Coward that she must turn over her Land Contract for 840 Eugene, Ypsilanti Township, and that she must vacate the property immediately and sign various releases.

45. Defendant Coward obeyed the lawless and unfounded orders of Defendant DuChene, resulting in default of her obligations to

11

the IRA and the loss of her equity and property rights in 840 Eugene, Ypsilanti Township.

46.   The numerous and vile threatening actions by Defendants DuChene and Barr Anhut against Defendant Coward greatly exceeded all of the essential elements of MCL 750.213 - Malicious Threats to Extort Money, a 20-year felony with a fine of up to $10,000. Defendant Barr Anhut is the local Prosecutor, and should turn over the matter to an independent prosecutor for review of its overt criminal extortion.

47.   Plaintiff Hann's exempt IRA suffered a severe loss of over $25,000 as a result of the said open extortion by Defendants.

48.   On or about January, 2014, Defendants filed and attempted to serve a Void Pleading with a patently illegal new caption: "City of Ypsilanti, MI, Judgment Creditor v. Gary S. Hann, Judgment Debtor".   Upon information and belief, the new caption had not been approved by the Court as required by law.   Exhibit 2.

49.   The MI Court of Claims then apparently scheduled a Void Hearing for March 13, 2014.

50.   Plaintiff Hann was never personally served with a subpoena in re the Void Hearing, as required by the MCR's.

51.   On March 5, 2014, due to full disability under the ADA, and due to a distance of about 2,100 miles, Plaintiff Hann filed

and served a timely Request for Telephonic Connection to the March 13, 2014 Hearing.

52.  Defendant Krause ignored and/or never responded to this valid request; Plaintiff Hann never received a response.

53.  Because Defendants had knowingly written a new, absolutely illegal Caption in the matter, this created a new case and Plaintiff Hann removed it to the Federal District Court due to the assault on his exempt IRA.  Mailed and E-Mailed notifications were sent to all Defendants on March 11, 2014.

54.  Defendants acknowledged in writing their receipt of notification of removal to the Federal District Court.

55.  It is indisputable that removal to Federal Court absolutely removes any and all jurisdiction from the state court until remanded by the Federal Court.

56.  Nevertheless, despite the acknowledged multiple notices of the removal to all Defendants, Defendants convened a Void Hearing on March 13, 2014 contrary to federal law.  28 U.S.C. Section 1446(d).

57.  At the said Hearing, Defendants demanded and were granted the issuance of a Bench Warrant for the arrest of Plaintiff Hann.

58.  Plaintiff Hann was never notified of either the request for, or of the actual existence of, the Bench Warrant.

13

59.   Plaintiff Hann was thereby subject to longstanding involuntary loss of freedom by this Void and Reprehensible Action.

60.   Also on March 13, 2014, after removal to Federal Court, Defendants engineered a knowing unlawful raid on Plaintiff's bank account and safe deposit box at Chase Bank in Ann Arbor, MI.

61.   In so doing while knowingly without jurisdiction, Defendants did invade the innermost private property and possessions of Plaintiff Hann; Defendant Brayton actually took property from the safe deposit box that his office admitted was facially not owned by Gary S. Hann.

62.   Defendant Brayton's office has repeatedly refused to return the unlawfully seized property, not owned by Plaintiff Hann, to Plaintiff Hann's safe deposit box.

63.   Defendant Brayton still possesses the unlawfully seized property which is not contraband and which was not returned to its place in Plaintiff Hann's safe deposit box for privacy and safekeeping.

64.   Defendants were notified of this Court's discharges of all of Hann's debts on January 12, 2015, but have willfully refused and defied their obligation to discharge their recorded lien(s) against Plaintiff Hann's property.

65.   In all of the actions by Defendants, Defendants made extensive use of the U.S. Postal Mails, of the wired and wireless

14

interstate telephone system, and of the nationwide Internet. Defendants additionally herein used office supplies and equipment, and vehicles, all produced and acquired through interstate commerce. Defendants reaped fees and salaries which were used to acquire goods and services produced and delivered through interstate commerce.

COUNT I – FAILURE TO COMPLY WITH THE COURT'S OWN JANUARY 10,

2012 ORDER

66.   This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

67.   The Court declared unequivocally that it did not have jurisdiction and closed the case *Hann v. Ypsilanti* on January 6, 2012.  Exhibit 1.

68.   Defendants did not serve any other decision or ruling of the Court on Hann, but any purported ruling to extend the jurisdiction would have been absolutely void as contrary to long settled rulings of the Michigan Supreme Court.

69.   Defendants failed to comply with the Court's unambiguous ruling, issued and served by Chief Judge William Collette.

70.   The Court said the case was closed, as mandated by lack of jurisdiction, and nobody ever moved to reopen the case.

15

71.   Plaintiff Hann repeatedly notified Defendants in writing of the Court's closure of the case for lack of jurisdiction.

72.   The knowing, continuing and hostile failure to follow the Court's decision, constituting contempt by Defendants, was intended to cause harm and has caused Plaintiff Hann great ongoing suffering and continuing irreparable damage.

73.   Plaintiff Hann seeks $10,000 in compensatory damages and $5,000 in punitive damages from each of eleven (11) Defendants, plus interest and costs.


COUNT II - JUDICIAL MALFEASANCE AND NONFEASANCE; FRAUD ON THE
COURT BY OFFICERS OF THE COURT

74.   This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

75.   Despite many subsequent requests by Plaintiff Hann citing the Michigan Supreme Court, Defendant Draganchuk and Krause never set forth any argued or reasoned rulings on jurisdiction. Defendants Draganchuk and Krause only made conclusory statements, without any support in Michigan's Laws, Statutes, settled rulings, or Constitution, overtly violative of due process.

76.  Defendants initially submitted a knowing fraudulent Affidavit and an unlawful proposed Ex-Parte Order to Defendant Draganchuk regarding service of process.

77.  Defendant Draganchuk completely failed in her ministerial duty to make diligent inquiry prior to supervising the Order, which waived the Michigan Court Rules regarding service of process for all time and eternity, a wholly evil and malicious action with no support or authority whatever in the law.

78.  Defendant Draganchuk then permitted an unlawful hearing without jurisdiction regarding sanctions, made no analysis or reasoned decision whatever, but simply signed an Order for Sanctions regarding a 15-minute hearing, prepared in whole by Defendants, in the incredulous amount of $10,019!

79.  Defendant Draganchuk had an absolute duty under the settled law to limit sanctions to reasonable amounts, but failed miserably in this ministerial, non-discretionary duty.

80.  Defendant Krause was well advised of these horrific transgressions by the Court, and instead of righting obvious heinous wrongs, Defendant Krause happily perpetrated them.

81.  These frauds and complete lack of adherence to the standards of the law were intended to cause harm to Plaintiff Hann, and did cause Plaintiff Hann significant harm and distress in a matter without jurisdiction.

17

82.   Plaintiff Hann seeks compensatory damages of $20,000 from each of Defendants Draganchuk and Krause and Barr Anhut, and also seeks an additional $10,000 in punitive damages from each, plus interest and costs.


COUNT III – CONSPIRACY TO DEFRAUD; FRAUD; FRAUD ON THE COURT BY OFFICERS OF THE COURT; DENIAL OF DUE PROCESS; ABUSE OF PROCESS; INTRUSION UPON SECLUSION; SLANDER OF TITLE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; DEFAMATION

83.   This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

84.   All actions or inactions described in Paragraphs 22-65 were done by Defendants in the complete absence of jurisdiction.

85.   All Defendants were repeatedly notified by Plaintiff Hann, in writing, of the fatal jurisdictional defects in this matter.

86.   All Defendants knew, or certainly should have known, of the lack of jurisdiction in the matter at bar.

87.   Nevertheless, Defendants ignored Plaintiff Hann's polite and valiant pleadings and process, and forged blindly ahead with their lawless personal agendas.

18

88.    Plaintiff Hann reincorporates all elements of, and alleges all elements and facts of CONSPIRACY TO DEFRAUD; FRAUD; FRAUD ON THE COURT BY OFFICERS OF THE COURT; DENIAL OF DUE PROCESS; ABUSE OF PROCESS; INTRUSION UPON SECLUSION; SLANDER OF TITLE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and DEFAMATION against all Defendants.

89.    In one of many particulars alleged, Defendant Brayton, at the direction of Defendant Barr Anhut, did take Plaintiff Hann's bank account and drill Plaintiff Hann's safe deposit box, a blatant and heinous Intrusion upon Seclusion, even taking property not belonging to Hann and refusing to return it to Hann's safekeeping.

90.    The actions or inactions and frauds upon the court by Defendants have intentionally subjected Plaintiff Hann:

a) to massive public shame and ridicule;
b) to great and ongoing physical and emotional distress and harm;
c) to denial of any and all credit and a horrific credit rating, and to liens on his title to real estate;
d) to the invasion of his bank account and safe deposit box; and
e) to scorn and disdain within and without the judicial system.

91.    Plaintiff Hann has been greatly and continuously harmed by the multiple, intentional torts by Defendants in the three ongoing matters and has been forced into years of legal battles and seclusion simply to survive.

92.  For these heinous torts, Plaintiff Hann seeks a minimum of $5,000 in compensatory damages and a minimum of $2,000 in punitive damages from each of eleven (11) defendants herein, plus interest and costs.


COUNT IV – HEARING AND ARREST WARRANT WHILE THE MATTER WAS REMOVED TO THE FEDERAL DISTRICT COURT; FRAUD ON THE COURT BY OFFICERS OF THE COURT; ABUSE OF PROCESS

93.  This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

94.  In particular, Plaintiff Hann re-alleges the detailed facts of the following wholly improper, illegal and hostile actions which are specifically set forth in Paragraphs 48-59, supra.

95.  The matter of *Hann v. Ypsilanti* (actually, a new, impermissible caption of *Ypsilanti v. Hann*) herein was removed to Federal District Court on March 11, 2014.

96.  Defendants Krause, Barr Anhut, O'Jack, Barr and Lange were directly and fully notified of the removal in writing.

97.  The Removal Statute, a federal law superseding any state law under the Supremacy Clause, mandates that jurisdiction is solely with the federal court until remanded.

98.   All Defendants, Officers of the Court, were aware of the removal, yet ignored it and willfully held an absolutely void hearing on March 13, 2015. Plaintiff Hann's request for telephonic connection had been ignored by Defendant Krause.

99.   Upon information and belief, Defendants did connive, conspire and move that Defendant Krause issue a bench warrant for Plaintiff Hann's arrest.

100.   Defendant Krause did so, in full defiance of federal law, and of rudimentary due process.

101.   Upon information and belief, the said arrest warrant remained in effect for many months, was humiliating to Plaintiff Hann, and put Plaintiff Hann in severe jeopardy of involuntary loss of freedom guaranteed under the Michigan and U.S. Constitutions.

102.   Plaintiff Hann seeks compensatory damages of $25,000 each from Defendants Krause and Barr Anhut, and also seeks compensation of $25,000 from whichever defendant was present in the Court Room requesting the unlawful arrest warrant, plus interest and costs.

103.   Plaintiff Hann additionally seeks $50,000 in punitive damages for this unlawful, grossly negligent, heinous action of attempting to cause the arrest Plaintiff Hann, plus interest and costs.

21

COUNT V – RICO CONSPIRACY AND ACTUAL RACKETEERING AND CORRUPTION

UNDER RICO BY DEFENDANTS BARR ANHUT, JOHN BARR, KARL BARR, JESSE

O'JACK AND DANIEL DUCHENE

104.    This Count fully incorporates by reference all previous

Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs

22-65, supra.

105.    Defendants were aware of Plaintiff Hann's IRA due to a

Chapter 11 Bankruptcy filing in 2012.

106.    Defendants met and/or consulted together in their shared

law office and did connive and conspire to commit great and hostile

harm to Plaintiff Hann's IRA through multiple unlawful actions,

specific facts hereto subject to further discovery.

107.    Defendants have more than fulfilled the predicate acts

element of RICO as delineated in Paragraph 21, supra.

108.    To fulfill their conspiracy to racketeer, Defendants

then engaged in a real and purposeful ongoing enterprise and reign

of terror over a period of months to harass, harm and violate

Plaintiff Hann's exempt IRA.

109.    By so doing, Defendants did also intend and did attempt

and did actually perform the physical, emotional and financial

destruction of Plaintiff Hann through the planned racketeering

assault and attacks on Plaintiff Hann's fully exempt IRA.

110.   More specifically, Defendants executed a carefully planned, wholly unlawful, ongoing enterprise of plundering Plaintiff Hann's fully protected and exempt IRA for their own unlawful purposes.

111.   Defendants knew full well that their enterprise against Plaintiff Hann's IRA was illegal.

112.   Paragraphs 37-47, supra, contain the known detailed facts comprising the framework of Defendant's illegal enterprise of extortion, subject to further development through the discovery process.

113.   Defendant's vicious and unlawful racketeering enterprise caused great and continuing harm and pain to Plaintiff Hann, to his IRA, and to innocent third parties including but not limited to Carmel Coward, constituting an overt civil violation of RICO, as incorporated in 18 U.S.C. Sections 1961-1964.

114.   Plaintiff Hann seeks about $30,000 in compensatory damages, subject to final calculation, from Defendants for their brazen racketeering enterprise, and also seeks the trebling of the said damages under RICO, for a total of $90,000.


RELIEF REQUESTED

115.  Debtor and Adversary Plaintiff Hann hereby requests that this Honorable Court forthwith find and order that Adversary Defendants:

a)  Have overtly violated Debtor Hann's rights, and owe Hann total compensatory and punitive damages of $547,000, plus interest and costs.

b)  Alternatively, that the Court supervise all pre-trial proceedings, and that Defendants submit to a jury trial for a determination of their lawful obligations to Debtor Hann, including but not limited to actual and punitive damages, plus interest and costs.

c)  If Alternative b), that a Status Conference be set for no earlier than September 21, 2015, due to extensive, longstanding travel commitments on the part of Plaintiff Hann.

PROOF OF SERVICE

116.  Today I, Gary S. Hann, personally served this Pleading and Exhibits on the Clerk of the Court and on the Chambers of Hon. Mark S. Wallace.


Dated this 9th of June, 2015.

_____
Gary S. Hann, Debtor

24

# EXHIBIT

# 1

INGHAM COUNTY CIRCUIT COURT
PO BOX 40771
LANSING, MI 48901

CLERKS' NOTICE
FILE NUMBER: 11-000098-MP-C30
JUDGE JOYCE A DRAGANCHUK

GARY S HANN
PO BOX 7013
ANN ARBOR, MI 48107

## Official Circuit Court Notice

January 10, 2012

GARY S HANN VS YPSILANTI CITY OF

NOTICE IS HEREBY GIVEN PURSUANT TO COURT RULE OF THE FILING OF THE FOLLOWING IN THIS CASE

ORDER DISMISSING CASE FOR LACK OF JURISDICTION. FINAL ORDER AND CLOSES THE CASE. SIGNED BY
JUDGE WILLIAM E COLLETTE FOR JUDGE JOYCE DRAGANCHUK 01/06/12

EAR,
DEPUTY CLERK OF THE COURT

# EXHIBIT

# 2

STATE OF MICHIGAN

IN THE COURT OF CLAIMS

CITY OF YPSILANTI, MICHIGAN,                    FILE NO. 11-98-MP

           Judgment Creditor,                    Hon. Amy Ronayne Krause

v

GARY S. HANN,                                   <u>VERIFIED MOTION FOR PROCEEDINGS</u>
                                                <u>SUPPLEMENTARY TO JUDGMENT</u>
           Judgment Debtor.

| | |
|---|---|
| JESSE O'JACK  P-29548<br>JOHN M. BARR  P-10475<br>Barr Anhut & Associates, P.C. (AF1001)<br>Attorneys for Judgment Creditor<br>105 Pearl Street<br>Ypsilanti, MI  48197<br>(734) 481-1234; fax 483-3871 | GARY S. HANN<br>In Pro Per<br>PO Box 7013<br>Ann Arbor MI 48107-7013<br>(734) 480-4140 |

NOW COMES Judgment Creditor, CITY OF YPSILANTI, by and through its attorneys at Barr,

Anhut & Associates, and for its Motion for Proceedings Supplementary to Judgment, pursuant to

MCL 600.6104, states as follows:

1. On February 15, 2012, Judgment in favor of Judgment Creditor, CITY OF YPSILANTI, and

   against Judgment Debtor, GARY S. HANN, for $10,019.00 was rendered in the Michigan

   Court of Claims[1]. The Judgment is still in full force and effect, and $10,968.62 remains unpaid,

   over all just claims of Judgment Creditor by way of setoff or otherwise.

2. Judgment Creditor is informed and believes that Judgment Debtor is the beneficial owner of

   assets valued in excess of $100.00, which Judgment Debtor has secreted or placed in the

   name of others for the express purpose of avoiding payment of Judgment.

3. Judgment Creditor fears that Judgment Debtor will place property belonging to him beyond

   the reach of this Court unless it restrains him from doing so.

4. Judgment Creditor is also informed and believes that third parties have money, property, or

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**

GARY S. HANN

**DEFENDANTS** BARR ANHUT + ASSOCIATES PC, JOHN M. BARR, JESSE O'JACK, KARL T. BARR, DANIEL J. DUCHENE CITY OF YPSILANTI, RALPH LANGE, JOYCE DRAGAN CHUK, AMY ROMAYNE KRAUSE, MARK B. CLAYTON, CARMEL CONARD

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

PRO SE

**ATTORNEYS** (If Known)

UNKNOWN

**PARTY** (Check One Box Only)
- ☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor   ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor   ☒ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO RECOVER MONEY FOR PRE-PETITION DAMAGES TO ACCRUE TO THE TRUSTEE.
28 U.S.C. SECTIONS 157; 1334 (b).    28 U.S.C. SECTION 1446 (b).
18 U.S.C. SECTIONS 1961 - 1964,    U.S.C.A. CONST. AMENDS 5; 14.
28 U.S.C. SECTION 401 (a)(13)(A).

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 547,000 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>GARY S. HANN | BANKRUPTCY CASE NO.<br>6:14-bk-22067-MW | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>RIVERSIDE | NAME OF JUDGE<br>WALLACE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>JUNE 9, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>GARY S. HANN | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.